

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| KELLY & FRANKIE COSTANZA, ET AL. | CIVIL ACTION |
| VERSUS | NO. 02-1492 |
| ALLSTATE INSURANCE CO., ET AL. | SECTION "K" (4) |

### ORDER AND REASONS

Before this Court is defendant Pleko Southwest, Inc.'s ("Pleko") Motion for Summary Judgment of plaintiff's claims (Rec. Doc. 66). For the following reasons the Motion is **DENIED**.

**Factual Background**

Plaintiffs purchased a home on or about July 14, 1995 in Mandeville, Louisiana from co-defendant Homes by Haney Corporation ("Haney Corporation"). Plaintiffs allege that Haney Corporation negligently installed an exterior insulation and finish system ("EIFS") in the home. As a result of the negligent installation and/or defects in the EIFS, plaintiffs allege that water leaked into their home and caused damages and personal injuries to them and their family. Plaintiffs brought suit against numerous defendants, including Pleko Southwest, Inc. as

manufacturer of the defective EIFS. Pursuant to Rule 56 of the Federal Rules of Civil Procedure, Defendant Pleko has now moved for summary judgment of plaintiffs' claims against them.

**Standard for Summary Judgment**

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment should be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The party moving for summary judgment bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the record which it believes demonstrate the absence of a genuine issue of material fact." *Stults v. Conoco*, 76 F.3d 651, 656, (5th Cir. 1996), (citing *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 912-13 (5th Cir. 1992) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986))). When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts. The nonmoving party must come forward with "specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 588 (1986); *see also Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995).

Thus, where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no "genuine issue for trial." *Matsushita*, 475 U.S. at 588. The substantive law determines materiality of facts and *only* "facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

**Analysis**

Defendant Pleko, in moving for summary judgment, argues that plaintiffs have failed to put forth any evidence that Pleko was the manufacturer of the EIFS used on plaintiffs' home. Specifically Pleko argues that plaintiffs have failed to put forth any documents identifying Pleko as the EIFS manufacturer, and that neither Pleko nor its Louisiana distributor have any agreements contracts, invoices, work orders, or other documentation linking Pleko to the plaintiffs' home. Pleko points to plaintiffs' deposition testimony as evidence of plaintiffs' failure to identify Pleko as the manufacturer of the EIFS in question. Finally, Pleko argues that plaintiffs' failure to perform a detailed chemical analysis on the EIFS in their home prior to its destruction means that plaintiffs will never be able to conclusively prove Pleko was the manufacturer of the EIFS.

Additionally, Pleko argues that plaintiffs failed to file suit in a timely fashion. Pleko argues that a one-year statute of limitations exists, starting from when the injury or damage is sustained. La.Civ.Code art. 3492. Pleko avers that prescription begins to run from the date that plaintiffs discovered or reasonably should have discovered the facts upon which their cause of action is based. *See* Rec. Doc. 66 (Def.'s Mem. in Support), p. 12. Pointing to plaintiff Kelly Costanza's deposition testimony, as well as a previous lawsuit filed by plaintiffs in 1996 against the builder of the home, Pleko argues that plaintiffs have been on sufficient notice to pursue claims against Pleko "for years" but have consistently failed to do so until now. *Id.*

In response plaintiffs argue that several genuine issues of material fact remain. Plaintiffs attach a list of five factual areas that remain in contention, including whether Pleko was the

3

manufacturer of the EIFS used in their home.[1]  Plaintiffs note that the discovery deadline in this case is not until February 1, 2006 and thus they ask the Court to deny Pleko's motion in order to allow more time to locate records of both the home's builder and Pleko's Louisiana distributor. Plaintiffs aver that efforts to do so remain ongoing.

As to prescription, plaintiffs argue that the statute of limitations did not begin to run until 2001, when plaintiffs were notified by a company hired to do repairs as a result of damage caused by tropical storm Allison that water and mold damage in the walls of their home existed. Alternatively, plaintiffs argue that the long-term water infiltration and mold growth in their home qualifies as a continuing tort, and thus prescription should run from when particular wrongful conduct ceased. *See Henry v. Cisco Systems, Inc.*, 106 F.3d 235 (5th Cir. 2004).  Finally, plaintiffs point out that in this case prescription itself hinges on a question of fact, namely whether and when plaintiffs should have known that the water coming through their floor was actually coming from their roof and was not a result of poor drainage.  Plaintiffs argue that the factfinder at trial must determine what plaintiffs did or did not know or should or should not have done in such a situation.

Pleko is not entitled to summary judgment at this stage of the proceedings because genuine issues of material fact remain. Pursuant to Rule 56(f), the Court will allow discovery to continue up and until the aforementioned discovery deadline of February 1, 2006, at which time,

---

[1]The four other controverted issues listed by plaintiffs include the timing of plaintiffs' knowledge of a leak which caused water damage, whether plaintiffs should have known water seeping through their floor was coming from their roof, whether plaintiffs had knowledge of water and mold in the interior walls of their home prior to July, 2001 and finally, whether plaintiffs should have been aware that water had seeped into their walls, causing toxic mold to form therein.

should Pleko wish to do so, it may re-urge its claims. Additionally, as to prescription, because the Court finds that whether plaintiffs claims did indeed prescribe and what plaintiffs should have done or should have known in this situation is itself a question of fact, the Court denies defendant's motion.

Accordingly,

**IT IS ORDERED** that defendant Pleko Southwest, Inc.'s Motion for Summary Judgment be **DENIED**.

Houma, Louisiana, this 26th day of October, 2005.

STANWOOD R. DUVAL, JR.
UNITED STATES DISTRICT COURT JUDGE